Dear Mr. Clingan:
You have requested an opinion from our office concerning the legality of "one lot subdivisions" with reference to La. R.S. 33:140.5.(8). This section contains the definition of subdivision and reads as follows:
 (8) Subdivision means the division of a lot, a tract, or parcel of land or a portion thereof into two or more lots, sites, or other divisions any one or more which is to be platted as a lot of record for the purpose, whether immediate or future, of sale or building development, and also means resubdivision, or the consolidation of lots or tracts or portions thereof into single lots, and, when appropriate to the context, relates to the process of subdividing, as to the land or area so divided. (Emphasis added.)
We are unable to locate any provision of law which would hold that "one lot subdivisions" are illegal although ordinarily one thinks of a subdivision in terms of two or more lots.
La.C.C. Art. 9 is located in Chapter 2 of the preliminary title of the Louisiana Civil Code. It reads as follows:
 When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
 As long as the interpretation of the above definition does not lead to absurd consequences, we find no reason why a "one lot subdivision" cannot exist within the statutory definition of a subdivision. As the above emphasized language indicates, subdivision "also means resubdivision or this consolidation of lots or tracts or portions thereof into single lots." This clearly evidences an intent by the legislature to include "one lot subdivisions" within the definition of subdivision.
In further support of this position is La. R.S. 1:4 which is located under the heading, "Interpretation of Revised Statutes". La. R.S. 1:4 provides that "When the wording of a section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit."
Therefore, it is the opinion of our office that one lot subdivisions" are possible and can legally exist within La. R.S. 33:140.1, et seq, especially in view of the clear legislative intent in including "the consolidation of lots or tracts or portions thereof into single lots" within the definition of subdivision.
Very truly yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: MICHAEL G. GEE Staff Attorney